

## Northern District of Illinois

| | | |
|---|---|---|
| ALI ASHOURI, | ) | Case No. |
| | ) | |
| Plaintiff | ) | |
| | ) | 16CV8654 |
| v. | ) | JUDGE FEINERMAN |
| | ) | MAG. JUDGE FINNEGAN |
| CVS CAREMARK, MICHAEL CHANCE, | ) | |
| ADRIANA MILEWSKA-HADLAW, and | ) | |
| JOSPEH HAAS, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**FILED**

SEP 02 2016
9-2-16
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### COMPLAINT AT LAW

### NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, gender discrimination, hostile work environment and harassment and to provide appropriate relief to Plaintiff Ali Ashouri, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 4-87 below, the Plaintiff alleges that he was retaliated against because of his participation in a proceeding protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) as well as under the equal-protection clause of the Fourteenth Amendment as enforced under 42 U.S.C. § 1983 (Counts I-III). Plaintiff seeks compensatory and punitive damages, costs and attorney's fees for the hostile, retaliatory and discriminatory environment he had suffered.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred and invoked pursuant to 28 U.S.C. §§ 451, 1331, 1332, and 1343. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and 42 U.S.C. §1988.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(a) (b) and (c) inasmuch as Plaintiff's causes of action arose in the Northern District of Illinois, and all of the Defendants either reside in this district or have their principal place of business in this district. Furthermore, venue is proper in this district pursuant to 18 U.S.C. § 1965(a), (b) and (d).

## STATEMENT OF FACTS

4. At all relevant times, Plaintiff ALI ASHOURI was a male resident of Cook County, Illinois. Plaintiff currently resides in West Hollywood, California.

5. Defendant CVS CAREMARK (hereinafter "CVS" or "Employer") at all relevant times was a multinational provider of pharmaceutical, personal care and healthcare products.

6. At all relevant times, Defendant CVS has continuously been a Rhode Island corporation headquartered in Woonsocket, Rhode Island and doing business in the State of Illinois. Defendant CVS is thus a resident of Cook County, Illinois

7. Defendant CVS owns, operates and manages thousands of retail pharmacy branches.

8. On or about September 2008, Plaintiff began employment as a pharmacist at one of Employer's many pharmacy locations that were owned, operated and/or managed by Defendants in Cook County, Illinois.

9. At all relevant times, Defendant CVS was Plaintiff's employer within the meaning of 42 U.S.C 200e(a) and (b).

10. On or about January 2009, Plaintiff was promoted to Pharmacy Manager and was assigned to 3944 North Western Avenue, Chicago, Illinois pharmacy location (hereinafter "Ashland").

11. At all relevant times, the Ashland pharmacy location is in Cook County, Illinois.

12. At all relevant times, Defendants have continuously employed at least 15 employees and have continuously been employers engaged in an industry affecting commerce and within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

13. At all relevant times, Defendant MILEWSKA-HADLAW (hereinafter "Hadlaw") was the Pharmacy Supervisor for the Ashland pharmacy location in Cook County, Illinois.

14. At all relevant times, Defendant CVS was Defendant Hadlaw's employer within the meaning of 42 U.S.C 200e(a) and (b).

15. At all relevant times, Defendant MICHAEL CHANCE (hereinafter "Chance") was the District Supervisor of the Ashland pharmacy location in Cook County, Illinois.

16. At all relevant times, Defendant CVS was Defendant Chance's employer within the meaning of 42 U.S.C 200e(a) and (b).

17. At all relevant times, Defendant JOSEPH HAAS (hereinafter "Haas") was Area Supervisor for Defendant CVS.

18. At all relevant times, Defendant CVS was Defendant Haas' employer within the meaning of 42 U.S.C 200e(a) and (b).

19. At all relevant times, Defendants Chance, Haas and Hadlaw were Plaintiff's supervisors hired by Defendant CVS.

20. Defendant CVS had the authority to hire, fire, demote, and discipline employees, including Plaintiff, and to direct their work.

21. Defendants Hadlaw, Chance and Haas had the authority to hire, fire, demote, and discipline employees, including Plaintiff, and to direct their work.

22. Defendants Hadlaw, Chance and Haas had a duty to report any issues pertaining to an employee to Defendant CVS.

23. Defendants Hadlaw, Chance and Haas had a duty to address and investigate employee complaints and grievances as wells as to report complaints of discriminatory, hostile and retaliatory behavior and conditions in the workplace.

24. Defendants were obligated to ensure that employees were not subjected to gender discrimination, retaliation, harassment and/or a hostile work environment. Defendants were also obligated to ensure that complaints of harassment, retaliation, hostility and/or discrimination in the work-place were properly and thoroughly investigated and remedied.

25. Defendants had a duty to hire, fire, demote and discipline employees.

26. Defendant CVS had a duty to properly train, educate and to ensure that employees in supervisory roles were apt to do their job duties.

27. Defendants Hadlaw, Chance and Haas had supervisory authority over Plaintiff.

28. At all relevant times, Defendants acted under color of law and within the scope of their employment.

29. Plaintiff satisfactorily performed all of his official job duties while he was employed by Defendant CVS whereby achieving pharmacy goals set by Defendants.

30. Plaintiff's immediate Supervisor was Defendant Hadlaw.

31. On or about May 5, 2013, Plaintiff was written up by Defendant Hadlaw for an incident that occurred months earlier- in early March 2013.

32. Defendant CVS' policy is that all write-ups against an employee should be done within 30 days of the alleged incident

33. Defendants failed to follow their 30 day write-up policy and regulation and instead wrote-up Plaintiff for an unwarranted incident two months after the fact out of malice and intent to harass Plaintiff.

34. The May 2013 incident alleged that Plaintiff violated another employee's personal property. The write-up further alleged that Plaintiff Ashouri threw out another employee's ice cream on or about March 19, 2013.

35. Plaintiff did remove the melted ice cream that was placed in the refrigerator instead of a freezer since the melted ice cream was leaking out of the refrigerator thereby creating a safety and health hazard for the pharmacy work area.

36. Plaintiff's action for removing the melted ice cream was within employer's corporate policies and procedures as well as in accordance with OSHA laws and workplace safety regulations.

37. Plaintiff was improperly written up by Defendants without merit but as a means to purposely target and harass Plaintiff.

38. Defendants asserted that a video was reviewed in determining to write up Plaintiff for throwing away the melted ice cream.

39. Plaintiff and Plaintiff's counsel repeatedly asked for alleged videotape of the incident. Defendant CVS and its attorney representative failed to render the alleged videotape of incident pertaining to the ice cream incident.

40. Defendants failed to properly review the claim against Plaintiff because there was never any video footage of the alleged incident.

41. Defendants intentionally with malice and wanton disregard wrote up Plaintiff without properly investigating the false and defamatory allegations of theft violation.

42. On or about November 2013, Plaintiff collected signatures for a petition to send to Defendant CVs' Human Resource (HR) Department regarding Defendants Chance and Hadlaw's on-going harassment, discrimination and threats toward Plaintiff as well as towards other employees.

43. Defendant CVS failed to act, investigate and review Plaintiff's complaint and signed petition.

44. On prior occasions Plaintiff had filed complaints to the company's EEO hotline as well as to Defendant CVS' HR department.

45. Little to no investigation was done pertaining to those complaints against Defendant Chance and Defendant Hadlaw.

46. Plaintiff also complained to Defendants CVS and Haas that Defendant Chance and Hadlaw had on multiple occasions made derogatory comments about the gay community as well as Plaintiff's sexual orientation.

47. Defendant Chance stated that "these gays have attitude", directing his comment towards Plaintiff, who Defendants knew was gay.

48. Around mid-November 2013, Plaintiff had a meeting with Defendant Haas and Ms. Leanne Cook, director of HR, to discuss his signed petition and complaint at Defendant CVS' regional office in Bensenville, Illinois. This meeting was being recorded and documented my Ms. Cook.

49. During that meeting with Defendant Haas and Ms. Cook, Plaintiff indicated that Defendant Hadlaw mistreats employees. Plaintiff specifically explained that Defendant Hadlaw is verbally abusive and physically abusive to the employees and that the Defendants created a severe hostile work environment.

50. Plaintiff had on multiple previous occasions and again at the November 2013 meeting informed Defendant CVS and Defendant Haas that Defendant Hadlaw would not only constantly threaten to fire and write-up Plaintiff but also other employees.

51. During the said meeting, Plaintiff provided Defendants CVS and Haas with email evidence depicting Defendant Hadlaw's improper and hostile demeanor towards him.

52. Plaintiff also mentioned to Defendant Haas and Ms. Cook that Defendant Hadlaw had physically assaulted another pharmacist.

53. Defendant Hadlaw continued to be employed by Defendant CVS without any demotions or write-ups for any of the alleged allegations of harassment, abuse, creating a hostile work environment, engaging in discriminatory practices and acts of retaliation against Plaintiff and other employees.

54. After the said meeting, Defendant Hadlaw continued to harass and retaliate against Plaintiff.

55. Defendants purposely intentionally went after me to write Plaintiff up and accuse him of things that were not true.

56. Shortly thereafter on or about January 5, 2014 Defendant Hadlaw again retaliated against Plaintiff by knowingly misrepresenting and falsifying facts relating to phone calls made to a provider's office by Plaintiff.

57. Plaintiff made several phone calls to a medical provider, Dr. Nair, and messages with the doctor's secretary to ascertain a refill on a prescription heart medication refill for a customer.

58. Plaintiff was acting within the scope of his duty by making several attempts to contact the provider in order to obtain the authorization needed for this refill as the cardiac medication was of vital importance and needed to be refilled promptly for the well-being of the patience.

59. Defendant Hadlaw allegedly received a complaint stating Plaintiff was verbally cussing at the doctor's staff.

60. Defendants CVS failed to properly investigate the alleged allegations.

61. Rather than investigate the claim made against the Plaintiff by interviewing witnesses that were present at the pharmacy store, Defendants instead interviewed Dr. Nair, who was not even present when the alleged events happened.

62. Plaintiff attempted to let Defendants know that there were witnesses that would testify that Plaintiff never once cussed at anyone over the phone but Defendants failed to properly investigate and interview those witnesses who were actually present during the phone conversations Plaintiff had with the doctor's office.

63. As a result, Plaintiff was written up by Defendants.

64. Defendants continued with their false and defamatory allegations against Plaintiff and falsely stated that Plaintiff was verbally abusive to a customer when that was not case.

65. Defendants continued to disregard policies and procedures and purposely harassed, discriminated and retaliated against Plaintiff

66. On or about January 10, 2014, Plaintiff spoke to Union Teamsters 727 to see if Plaintiff could join the Pharmacist Union given the on-going hostile working environment and on-going harassment and discrimination he was enduring due to Defendants' actions and inactions.

67. Plaintiff was informed that Defendant CVS had called the Teamsters 727 to let the Union know that CVS employees might be looking to join the Union and that the Union should not allow them to join.

68. Defendants engaged in actions that intentionally circumvented Plaintiff's legal and protected right to union representation.

69. On or about January 29, 2014, Plaintiff attended a Union meeting.

70. On or about January 31, 2014, Plaintiff was terminated from his position with employer shortly after seeking Union representation.

71. Defendants Chance, Haas and CVS were made aware of the situations where Defendant Hadlaw had improperly written up Plaintiff for violations for the ice cream incident as well as other incidents but they too failed to investigate and look into Plaintiff's complaints against Defendant Hadlaw

72. Plaintiff on numerous occasions complained to Defendants Chance, Haas, CVS and Defendant CVS's HR department about the hostile working environment, continued harassment and discriminatory practices of Defendant Hadlaw.

73. Defendants failed to properly investigate, monitor, report, supervise and remedy any of Plaintiff's allegations.

74. Defendants CVS, Haas and Chance were made aware of the multiple complaints against Defendant Hadlaw by Plaintiff as well as other employees but failed to properly investigate and remediate this complaint of harassment, hostile and abusive working environment and discrimination.

75. Due to Defendants' conduct toward Plaintiff, Plaintiff has experienced severe stress and anxiety.

76. Defendants knew and/or should have known of the harassment, hostility and discrimination directed at Plaintiff by various Defendants and failed to take any effective remedial measures to stop the harassment, retaliation, hostile work environment, and discrimination.

77. Defendants contributed to and failed to remedy the discriminatory practices, on-going harassment and hostile work environment.

78. Defendants contributed to and failed to remedy the retaliatory behaviors and false allegations against Plaintiff.

79. Defendants created, condoned and perpetuated a hostile work environment, turned a blind eye to the harassment, discrimination based on Plaintiff's gender and in retaliation for Plaintiff's complaints.

80. On or about May 2014, Plaintiff and Plaintiff's counsel talked with Defendant CVS and its legal representative, Sandra Fears.

81. Plaintiff reiterated to Ms. Fears his feeling of being harassed, degraded, retaliated and discriminated against by Defendants.

82. Plaintiff also informed Ms. Fears about Defendant Hadlaw's physical and verbally abusive behavior.

83. Ms. Fears indicated that she was not aware of the reported incident where Defendant Hadlaw had intentionally and deliberately thrown a prescription bottle at a pharmacist despite the fact that Defendants were told about this incident and others on multiple occasions.

84. Given the lack of knowledge Defendants' legal counsel, it shows Defendants' reckless disregard of policies and procedures in handling HR complaints despite the fact that this and other incidents were reported to HR.

85. On October 20, 2014, Plaintiff filed a timely complaint with the EEOC against Defendants (Charge No. 480-2015-00176). A copy of the charge is attached hereto as Exhibit A.

86. On June 1, 2016, EEOC issued a Right To Sue Letter to Plaintiff's counsel handling the EEOC filing matter.

87. Plaintiff's counsel received the Right To Sue Letter on June 6, 2016. A sworn affidavit attesting to the receipt of the letter is attached hereto as Exhibit B.

## COUNT I-GENDER DISCRIMINATION

88. Plaintiff incorporates and re-alleges paragraphs 1 through 87 as though fully set forth herein.

89. Plaintiff has a right to equal protection of the law under the Equal Protection Clause of the Fourteenth Amendment.

90. Plaintiff's rights under the Fourteenth Amendment are enforceable under 42 U.S.C. § 1983.

91. Among the rights protected by the Equal Protection Clause of the Fourteenth Amendment is the right to be free of sexual harassment that creates a hostile working environment.

92. Gender is a protected class under the Fourteenth Amendment.

93. Defendant subjected Plaintiff to harassment and discriminated in the terms and conditions of his employment based on his gender by including but not limited to the following: subjecting Plaintiff to lewd and derogatory comments and to a hostile work environment, whereby subjecting Plaintiff to arbitrary, meritless, malicious and reckless regard for the validity of facts by writing up Plaintiff for work place infractions, subjecting Plaintiff to heightened scrutiny; subjecting Plaintiff to increased scrutiny; and perpetuating false allegations that led to Plaintiff's unlawful and unjustified termination.

94. Defendants' failure to remedy the harassment, hostile work environment, and discrimination was so severe and/or pervasive that it amounted to termination of Plaintiff's employment and whereby created a hostile work environment and fear amongst the other employees to speak up and complain.

95. Defendants' conduct against Plaintiff constitutes unlawful discrimination and harassment based on gender.

96. All of Defendants' actions and inactions as alleged herein are undertaken with discriminatory intent and malice.

97. Defendants CVS and Chance participated in the discriminatory treatment, knew or should have known of the discriminatory conduct, failed to take any effective remedial action to remedy and/or prevent the discriminatory treatment, and turned a blind eye to the discriminatory treatment and harassment against Plaintiff.

98. The actions of Defendants has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

99. Defendants' actions and inactions were in violation of the Fourteenth Amendment to the United States Constitution.

100. Defendant discriminated against Plaintiff with reckless indifference to Plaintiff's civil rights guaranteed under the Fourteenth Amendment to the United States Constitution, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff seeks the following relief:
A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, pre-judgment interest, and the value of lost promotions, raises, and other benefits;
B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the humiliation, anguish, and emotional distress caused by Defendant's conduct, and the physical manifestations of Plaintiff's emotional distress;
C. A permanent injunction enjoining Defendants from engaging in the discriminatory practices complained of herein;
D. A permanent injunction requiring that Defendant adopt employment practices and policies in accord and conformity with the requirements of 42 U.S.C. § 1983, and further requiring that Defendant adopt and initiate effective remedial actions to ensure equal treatment based on gender;
E. A declaratory judgment that Defendant's actions violate 42 U.S.C. § 1983;
F. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;
G. Punitive damages as allowed by law;
H. An award of reasonable attorneys' fees, costs, and litigation expenses; and
I. Such other relief as the Court may deem just or equitable.

## COUNT II-HOSTILE WORK ENVIRONMENT

101. Plaintiff incorporates and re-alleges paragraphs 1 through 87 as though fully set forth herein.

102. Plaintiff has a right to equal protection of the law under the Equal Protection Clause of the Fourteenth Amendment.

103. Plaintiff's rights under the Fourteenth Amendment are enforceable under 42 U.S.C. §1983.

104. Among the rights protected by the Equal Protection Clause of the Fourteenth Amendment is the right to be free of a hostile working environment.

105. Defendants subjected Plaintiff to harassment and discriminated in the terms and conditions of his employment whereby acting in the following ways including but not limited to the following: subjecting Plaintiff to arbitrary, meritless, malicious and reckless regard for the validity of facts by writing up Plaintiff for work place infractions, subjecting Plaintiff to heightened scrutiny; subjecting Plaintiff to increased scrutiny; constantly making threats pertaining to Plaintiff's employment and perpetuating false allegations that led to Plaintiff's unlawful and unjustified termination.

106. Defendants' failure to remedy the harassment, retaliation, hostile work environment, and discrimination was so severe and/or pervasive that it amounted to termination of Plaintiff's employment and whereby created a hostile work environment and fear amongst the other employees to speak up and complain.

107. Defendants' conduct against Plaintiff constitutes unlawful discrimination and harassment.

108. All of Defendants' actions and inactions as alleged herein are undertaken with discriminatory intent and malice.

109. Defendants participated in the discriminatory treatment, knew or should have known of the discriminatory conduct, failed to take any effective remedial action to remedy and/or prevent the discriminatory treatment, and turned a blind eye to the discriminatory treatment and harassment against Plaintiff.

110. The actions of Defendants has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

111. Defendants' actions and inactions were in violation of the Fourteenth Amendment to the United States Constitution.

112. Defendant discriminated against Plaintiff with reckless indifference to Plaintiff's civil rights guaranteed under the Fourteenth Amendment to the United States Constitution, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff seeks the following relief:
A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, pre-judgment interest, and the value of lost promotions, raises, and other benefits;
B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the humiliation, anguish, and emotional distress caused by Defendant's conduct, and the physical manifestations of Plaintiff's emotional distress;
C. A permanent injunction enjoining Defendants from engaging in the discriminatory practices complained of herein;
D. A permanent injunction requiring that Defendant adopt employment practices and policies in accord and conformity with the requirements of 42 U.S.C. § 1983, and further requiring that Defendant adopt and initiate effective remedial actions to ensure equal treatment based on gender;
E. A declaratory judgment that Defendant's actions violate 42 U.S.C. § 1983;

F. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G. Punitive damages as allowed by law;

H. An award of reasonable attorneys' fees, costs, and litigation expenses; and

I. Such other relief as the Court may deem just or equitable.

## COUNT III-RETALIATION

113. Plaintiff incorporates and re-alleges paragraphs 1 through 87 as though fully set forth herein.

114. Plaintiff has a right to equal protection of the law under the Equal Protection Clause of the Fourteenth Amendment.

115. Plaintiff's rights under the Fourteenth Amendment are enforceable under 42 U.S.C. § 1983.

116. Among the rights protected by the Equal Protection Clause of the Fourteenth Amendment is the right to engage in a protected activity.

117. Defendants subjected Plaintiff to harassment, retaliation and discriminated in the terms and conditions of his employment whereby acting in the following ways including but not limited to the following: subjecting Plaintiff to arbitrary, meritless, malicious and reckless regard for the validity of facts by writing up Plaintiff for work place infractions, subjecting Plaintiff to heightened scrutiny; subjecting Plaintiff to increased scrutiny; attempting to circumvent his right to obtain Union representation; terminating Plaintiff upon attempting to obtain Union representation and perpetuating false allegations that led to Plaintiff's unlawful and unjustified termination.

118. Defendants' failure to remedy the harassment, hostile work environment, and discrimination was so severe and/or pervasive that it amounted to termination of Plaintiff's employment and whereby created a hostile work environment and fear amongst the other employees to speak up and complain.

119. All of Defendants' actions and inactions as alleged herein are undertaken with discriminatory intent and malice.

120. Defendants CVS and Chance participated in the discriminatory treatment, knew or should have known of the discriminatory conduct, failed to take any effective remedial action to remedy and/or prevent the discriminatory treatment, and turned a blind eye to the discriminatory treatment and harassment against Plaintiff.

121. The actions of Defendants has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

122. Defendants' actions and inactions were in violation of the Fourteenth Amendment to the United States Constitution.

123. Defendant discriminated against Plaintiff with reckless indifference to Plaintiff's civil rights guaranteed under the Fourteenth Amendment to the United States Constitution, thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff seeks the following relief:

A. All wages and benefits Plaintiff would have received but for the discrimination, including but not limited to back pay, front pay, pre-judgment interest, and the value of lost promotions, raises, and other benefits;

B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the humiliation, anguish, and emotional distress caused by Defendant's conduct, and the physical manifestations of Plaintiff's emotional distress;

C. A permanent injunction enjoining Defendants from engaging in the discriminatory practices complained of herein;

D. A permanent injunction requiring that Defendant adopt employment practices and policies in accord and conformity with the requirements of 42 U.S.C. § 1983, and further requiring that Defendant adopt and initiate effective remedial actions to ensure equal treatment based on gender;

E. A declaratory judgment that Defendant's actions violate 42 U.S.C. § 1983;

F. The Court retain jurisdiction of this case until such time as it is assured that Defendant has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G. Punitive damages as allowed by law;

H. An award of reasonable attorneys' fees, costs, and litigation expenses; and

I. Such other relief as the Court may deem just or equitable.

## VERIFICATION

Pursuant to 28 U.S.C.§ 1746, Plaintiff ]Ali Ashouri declares under penalty of perjury under the laws of the United States of America that he has read the foregoing Complaint and the factual allegations contained therein are true and correct to the best of his knowledge and belief.

DATED this 2nd day of September 2016.

RESPECTFULLY SUBMITTED,

Ali Ashouri,
*Pro Se Litigant*

1015 N. Doheny Drive
Apt #2
West Hollywood, CA 90069
(630-988-2244)

EEOC Form 5 (11/09)

*Exhibit A*

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>480-2015-00176 |
|---|---|---|

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**Ali Ashouri** | Home Phone (Incl. Area Code)<br>**(630) 988-2244** | Date of Birth<br>**07-26-1984** |
|---|---|---|
| Street Address<br>**9 Saint Vincent, Laguna Niguel, CA 92677** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**CVS CAREMARK** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(773) 279-7600** |
|---|---|---|
| Street Address<br>**3944 N. Western Avenue, Chicago, IL 60618** | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER (Specify) | Earliest: **12-01-2012** Latest: **01-31-2014**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I began my employment as a Staff Pharmacist on or about September 3, 2008. In early 2013, I overheard a conversation between Ms. Milewska-Hadlaw and Mr. Michael Chance, District Manager, saying that gay employees create problems. I reported this via CVS's Ethics Line. Since on or about December 1, 2012, I have been written up by Ms. Adriana Milewska-Hadlaw, Pharmacist Supervisor. On or about October 9, 2013, a customer called me a "c*** sucking p****." I reported this to Ms. Milewska-Hadlaw only to receive a write-up for not following her directive to fill this particular customer's prescription. On or about January 31, 2014, I was discharged by Ms. Milewska-Hadlaw.

II. The reasons given for the write-ups varied from failing a Lost Prevention Audit to throwing out melting ice creme. The reason given for the discharge was for the harassment in the workplace.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Oct 20, 2014
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>480-2015-00176 |
|---|---|---|

Illinois Department Of Human Rights _____ and EEOC
*State or local Agency, if any*

III. I was discriminated against under Title VII on the basis of my sex, male, for not conforming to societal expectations for how men are expected to present themselves in my physical appearance, actions and/or behaviors. I was called a derogatory name, reported it to the management and was retaliated against for complaining.

OCT 20 2014

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Oct 20, 2014 _____<br>Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

*Exhibit B*

# Pejareh Karimi
*Attorney At Law*

11223 Distinctive Drive
Orland Park, IL 60467
(708) 478-7300
Fax (708) 478-7304

---

September 2, 2016

Re:  Charge No. 480-2015-00176

I, Attorney Pejareh Karimi, do declare and swear under oath that I received Plaintiff Ali Ashouri's Right to Sue Letter dated June 1, 2016 on June 6, 2016. The Right To Sue Letter was not received within the expected 3-day window.

There have been multiple issues pertaining to missing mail and delay in receiving postal mail at not only my office but nearby office suites as well.

_____
Pejareh Karimi, Attorney At Law

Subscribed and sworn to before me by the testator and by the witnesses on the 2nd day of September, 2016.

Bill Burke (witness)

X K. Loewen
Notary Public

K LOEWEN
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
June 02, 2020